## WILSON* v. TUCKER.

PROMISSORY NOTE.— *Want of Consideration.*—A promissory note was executed by the maker, for the amount of the debt of another, at the request of the creditor but without the knowledge or consent of the debtor, and afterward, on the death of the payee, at the request of a third person, the maker took up said note and executed, instead thereof, to such person and another, severally, other promissory notes for the amount of the principal and interest of the first.

*Held*, in an action on one of such notes, that it was given without consideration. BIDDLE, J., dissented.

From the Shelby Circuit Court.

*J. B. McFadden*, for appellant.

*O. J. Glessner*, *E. S. Stilwell* and *T. J. Woollen*, for appellee.

BIDDLE, J.—Complaint on a promissory note made by the appellant to the appellee.

Answer, that the note was executed without consideration.

Trial by the court: finding for the appellee. Judgment.

By a motion for a new trial, the appellant has presented the case to us upon the sufficiency of the evidence, which is the sole question in the case.

The execution of the note, not being denied, was admitted by the pleadings.

The only evidence for the defence was the testimony of the appellant, which is as follows:

" In the fall of 1869, I was at the residence of James Hays, and as I was leaving to go home, he requested me to call at the residence of Joseph Tucker, and tell Mr. Tucker that if he would have his hogs at Joshua Shipps' scales, on a certain day, which he then named, he would pay him a certain price for them. I think the price he named was ten dollars per hundred. When I got to Mr. Tucker's house I delivered the message to him, exactly as I was requested to by Mr. Hays: After I had delivered the message, Mr. Tucker asked me if I would be there to

receive and weigh the hogs. I told him that I would not; that I had no interest in the matter; that I was only delivering the message to him as Mr. Hays had requested me to do. Mr. Tucker did not say whether he would take his hogs to Shipps' or not. This was all the conversation I had with Mr. Tucker in regard to the matter, at that time. I never had any conversation with Mr. Tucker about the matter after that time, until some time in May following, when Mr. Tucker called at my house and told me that he had delivered the hogs at Shipps' scales, and had never got any thing to show that he had done so, and said he wanted something to show that he had delivered them. He said he wanted the money, a note, or something else. I then gave him my note for the amount he said the hogs came to. There was no consideration whatever for the note to Joseph Tucker, except what I have stated. After the death of Joseph Tucker, the plaintiff, Dennis Tucker, came to see me about the note. He had it with him, and at his request I took it up, and executed two other notes in its stead. We first calculated the interest on the old note. I then took up the old note, and gave the note in suit and another note for the balance. At the request of the plaintiff the other note was made payable to Joseph Cutsing. There was no other consideration for the note in suit than what I have already stated. I was not a partner of Hays, at the time; I did not buy the hogs on my own account; I did not buy them as the agent of Hays; I did not buy the hogs at all."

The note not being denied, the onus of the defence lay upon the appellant. The majority of the court hold that the evidence establishes the defence. The writer of this opinion thinks otherwise and dissents.

The judgment is reversed, at the costs of the appellee, and cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

Petition for a rehearing overruled.