Keyes v. The State.

No. 12,218.

## KEYES v. THE STATE.

CRIMINAL LAW.—*Appointment of Counsel to Assist Prosecutor.— Who may be Appointed.*—It is proper for the trial court to appoint counsel to assist in the prosecution of a person accused of crime, and that court may appoint an attorney who is employed by persons interested in securing a vigorous and effective prosecution.

SAME.—*Appointment of Counsel to Assist in Defence.— Number of.—Discretion of Court.*—The number of counsel required to secure to an accused unable to pay for the services of counsel a fair and impartial trial, is a matter to be determined by the trial court in the exercise of a sound discretion; and the appellate court can not interfere with the decision of the trial court, unless it very clearly appears, that there was an abuse of discretion, resulting in injustice to the accused.

SAME.—*Evidence.—Photographic Pictures.—Admissibility of.*—Photographic pictures of the place where the homicide was committed were properly admitted in evidence, the evidence showing that there was no material change in the place during the interval which elapsed between the day the murder was committed and the day on which the place was photographed.

SAME.—*Evidence.—Statements of Accused.—Privileged Communications.—Husband and Wife.*—A statement made by the accused to his wife, in the presence of others, within a "quarter of a minute" after the tragedy, is admissible in evidence, if not as a part of the res gestæ, then as an admission. It was made in the hearing of many persons, and can not, of course, be treated as a privileged communication of a husband to his wife.

SAME.—*Evidence.—Bravery or Cowardice of Accused. — Inadmissibility of.*—Whether a man who kills another has the character of a brave man or of a coward, is not a question for investigation in a trial for murder. The criminality of an act does not depend upon the bravery or the cowardice of the accused.

SAME.—*Accused as Witness.—Examination of. — Rules Governing.— Cross-Examination.—Impeaching Question.*—Where the accused chooses to avail himself of the privilege of testifying in his own behalf, he thereby assumes the position of a witness, and becomes subject to all the rules which govern the cross-examination of witnesses. The State can, on cross-examination, test the accuracy of his statements in the same method as those of an ordinary witness. It is competent to ask him on cross-examination an impeaching question, and to give evidence showing that his answer was not true.

Keyes v. The State.

SAME.—*Evidence.*—*Moral Character of Accused.*—*When Admissible.*—*For what Purpose.*—The general moral character of the accused may be proved when he testifies on his own behalf. This evidence is not admissible upon the question whether he did, or did not, commit the crime with which he is charged, but only upon the question of his credibility as a witness. Evidence of the character of the accused, at the time the crime was committed, is clearly competent for the purpose above named, when he is confined in prison during the period intervening between the perpetration of the crime and the trial.

SAME.—*Instruction to Jury.*—*Exclusive Judges of Law and Facts.*—*Failure to Give.*—*When not Erroneous.*—The failure of the court to inform the jury, in a criminal case, that they are the exclusive judges of the law and the facts, is not such an error, in the absence of a request for an instruction on that point, as will justify a judgment of reversal.

JURY.—*Regular Panel.*—*Vacancies in.*—*How may be Filled.*—*Bystanders.*— Vacancies in the regular panel may be filled by calling jurors from the bystanders.

SAME.—*Misconduct of Juror.*—*Decision of Trial Court.*—*When will not be Disturbed.*—*Evidence.*—Where an issue of fact is found on the question of the misconduct of a juror, and the decision of the trial court is supported by the evidence and affidavits introduced, the same will be sustained on appeal.

From the Tippecanoe Circuit Court.

*L. B. Sims* and *R. P. Davidson,* for appellant.

*L. T. Michener,* Attorney General, *W. C. Powell,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The charge against the appellant is expressed in these words : " That Alexander Keyes, on the 22d day of July, 1883, at the county of Carroll, and State of Indiana, did then feloniously, purposely, and with premeditated malice kill and murder one Samuel Stewart, by then and there feloniously, purposely, and with premeditated malice, shooting at and against, and thereby mortally wounding the said Samuel Stewart, with a certain deadly weapon, commonly called a revolver, then and there loaded with gunpowder and leaden ball, which said revolver he, the said. Alexander Keyes, then and there had and held in his hand, of which mortal wound he, the said Samuel Stewart, then and there instantly died." This indictment is so clearly

Keyes *v.* The State.

sufficient that we deem it unnecessary to discuss the question of its sufficiency, or to cite authorities.

It is proper for the trial court to appoint counsel to assist in the prosecution of a person accused of crime, and that court may appoint an attorney who is employed by persons interested in securing a vigorous and effective prosecution. 1 Bishop Crim. Proc., section 281. Counsel who prosecute or defend are not expected to maintain a judicial impartiality; but, on the contrary, it is their duty to vigorously present the case as it appears to them, and it is impossible for any one to perform this duty without becoming interested in maintaining the positions which seem to him to be correct, so that he is necessarily a partisan. Neither the chosen officer of the State, nor his assistants, are expected to press a case where there is no ground for asking a conviction; but, where there is, it is their duty to present the case fairly and justly, but with earnestness, determination and vigor.

The number of counsel required to secure to an accused unable to pay for the services of counsel a fair and impartial trial, is a matter to be determined by the trial court in the exercise of a sound discretion; and the appellate court can not interfere with the decision of the trial court, unless it very clearly appears that there was an abuse of discretion rssulting in injustice to the accused. In this instance there is not the shadow of reason for holding that the trial court abused its discretion.

There was no error in filling vacancies in the regular panel by calling jurors from the bystanders. This question is settled by the decision in the case of *Heyl* v. *State*, 109 Ind. 589.

Photographic pictures of the place where the homicide was committed were properly admitted in evidence. *People* v. *Buddensieck*, 103 N. Y. 487; *Cowley* v. *People*, 83 N. Y. 464 (38 Am. R. 464); *Blair* v. *Pelham*, 118 Mass. 420;

*Udderzook* v. *Commonwealth,* 76 Pa. St. 340 ; *Reddin* v. *Gates,* 52 Iowa, 210. The evidence shows that there was no material change in the place during the interval which elapsed between the day the murder was committed, and the day on which the place was photographed.

We think that the testimony sought to be elicited by the questions asked Hiram Colvin, on cross-examination, related to a distinct and different transaction from that covered by the direct examination, and that the questions were properly ruled incompetent on the ground that a cross-examination must be confined to the subject of the direct examination. If, however, we are wrong in this, still it is apparent that no injury was done the appellant, for the whole matter was gone over by him on the witness stand and by other witnesses.

A " quarter of a minute," as the witnesses say, after Keyes shot Stewart, the former's wife made a remark to him to which he at once replied. We have no doubt that this statement, made after so brief an interval, made, too, on the ground where the act was done, and before there was any change in the situation and surroundings, was competent as part of the *res gestœ. Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566. But it is not necessary that the statement should be regarded as part of the *res gestœ,* in order to hold it competent, for it was competent as an admission. It was made in the hearing of many persons and can not, of course, be treated as a privileged communication of a husband to a wife. Many of the questions presented may be disposed of upon the same ground as that last suggested, in disposing of the question of the competency of the appellant's statement to his wife, that is, on the ground that the conduct and declarations of the accused were competent as admissions.

Whether a man who kills another has the character of a brave man or of a coward, is not a question for investigation in a trial for murder. The criminality of an act does not depend upon the bravery or the cowardice of the accused. *Batten* v. *State,* 80 Ind. 394.

The accused chose to avail himself of the privilege of testifying in his own behalf, and, therefore, assumed the position of a witness, and became subject to all the rules which govern the cross-examination of witnesses. *Boyle* v. *State*, 105 Ind. 469, and cases cited p. 475; *Thomas* v. *State*, 103 Ind. 419. It was, consequently, proper to permit the State to test, on cross-examination, the accuracy of his statements in the same method as those of an ordinary witness. While a defendant is under no obligation to testify as a witness, yet, if he elects to do so, he can not interpose any constitutional provision as a shield to protect him against a legitimate cross-examination.

It was competent to ask the appellant on cross-examination an impeaching question, and to give evidence showing that his answer was not true.

It was competent to prove the general moral character of the accused. Section 1803, R. S. 1881. This evidence was not, of course, admissible upon the question whether he did, or did not, commit the crime with which he was charged, but it was admissible upon the question of his credibility as a witness. The authorities we have cited prove that the credibility of an accused who elects to testify may be assailed in substantially the same method as that of any other witness. It would, doubtless, be the duty of the court, upon proper and timely request, to instruct the jury that the impeaching evidence should only be considered upon the question of the credibility of the accused as a witness, and not upon the question of his guilt or innocence. We are not, we add to prevent possible misconception, speaking of cases where evidence of character or reputation is given by the accused as tending to rebut the evidence of the State upon the principal issue joined, but we are speaking of a case where the evidence bears only upon the question of credibility.

Evidence of the character of the defendant at the time the crime was committed, was clearly competent in such a case as this, where the defendant was confined in prison during

the period intervening between the perpetration of the crime and the trial. *Memphis, etc., Co.* v. *McCool,* 83 Ind. 392; *Pape* v. *Wright,* 116 Ind. 502, and cases cited p. 510.

The failure of the court to inform the jury that they were the exclusive judges of the law and the facts is not such an error as will justify a judgment of reversal. *Hodge* v. *State,* 85 Ind. 561; *McClary* v. *State,* 75 Ind. 260; *Colee* v. *State,* 75 Ind. 511. Had the defendant asked an instruction upon this point a very different question would be presented.

On the question of the misconduct of jurors, an issue of fact was formed, and the decision was against the appellant. The decision is well supported by the evidence and affidavits introduced, and the settled rule requires us to sustain the decision of the trial court. *Myers* v. *Conway,* 62 Ind. 474; *Weaver* v. *State,* 83 Ind. 289; *Myers* v. *State,* 92 Ind. 390; *Long* v. *State,* 95 Ind. 481; *Shular* v. *State,* 105 Ind. 289.

We have carefully read the evidence, and we have studied the record, and we are entirely satisfied that the appellant had a fair and impartial trial, and that the sentence of imprisonment for life is the lightest that the jury could have imposed upon him under the law and the evidence.

Judgment affirmed.

Filed March 14, 1890.