STATE EX REL. SPENCER *v*. CRIMINAL COURT OF MARION COUNTY ET AL.

[No. 27,103. Filed July 13, 1938. Rehearing denied October 17, 1938.]

*Edward H. Knight,* and *Oscar C. Hagemier,* for appellant.

*Fae W. Patrick,* and *Harold K. Bachelder,* for appellees.

PER CURIAM—This is an original action seeking a writ of prohibition against the respondents. It is alleged in the petition that the relator is the duly elected, qualified, and acting prosecuting attorney of Marion County;

that the respondent, Frank P. Baker, acting as the sole judge of the Criminal Court of Marion County, upon his own motion, and when no action or proceeding of any character respecting the subject-matter was pending, entered an order appointing the respondents, Harold K. Bachelder and Fae W. Patrick, as special prosecuting attorneys, to investigate suspected or rumored violations of law in connection with the primary election held in Marion County in May, 1938; and that the respondent judge has ordered the impounding of all ballots and documents used in such election, for use of the grand jury and inspection of the special prosecutors; that the relator and his staff of deputies are fully qualified, willing, and able, to investigate any irregularities which shall come to their notice in connection with such election.

It is further alleged that contests respecting the nomination for the offices of mayor and sheriff have been instituted in the Marion Circuit Court; that ballots are being recounted; that the results of the recount in certain precincts have been released to the press by the recount commissioners and have indicated discrepancies in certain precincts between the official vote and the recount vote, and that certain other facts have appeared which may, upon investigation, reveal offenses against the State of Indiana in connection with such primary election; that, as yet, no particular person has been definitely identified with and accused of any illegal acts; and that, until further investigation of the facts by the relator and the grand jury, the guilt or innocence of any persons in any such matters cannot be determined; that a new grand jury is about to be summoned for service in July, 1938; that the completion of the recount of the ballots will require most of the month of July, and that, until completed, the ballots are in the official custody of the circuit court in whose jurisdiction the recounts are

being made; that the relator intends to undertake an investigation whenever the ballots and documents are fully available; that only one deputy connected with relator's staff had any connection with such primary election, and that that deputy served only as a clerk of the board in one of the precincts where certain discrepancies appeared; that no facts have been reported to the relator which disclose any violation of the law by such deputy, and that if there were violations of law by such deputy they were not in respect to or connected with his duties as a prosecuting attorney; that he and his staff of deputies are ready, able, and willing to perform fully and effectually all of his official duties as prosecuting attorney, including the investigation of any possible law violations in connection with such primary election, and assisting the grand jury in such an investigation; that the respondent judge of the Criminal Court of Marion County has no jurisdiction to interfere with the relator in the performance of his official duties, nor to supplant him as prosecuting attorney and appoint others of his own choosing to function as prosecuting attorney.

An order is prayed prohibiting the respondents from proceeding to carry out the order of the respondent court above referred to, or from interfering in any manner with the relator or with the grand jury in the performance of their official duties. Upon the filing of the petition, a temporary writ issued.

The respondents, Bachelder and Patrick, have filed no return, and it is thought that they are not necessary parties, since they could act only upon authority of the respondent court and judge.

The respondent judge has filed a return in which it is alleged that "there was rather widespread acceptance of the fact that said primary election was corrupt"; that the results of the recount have come to the attention of the respondent from time to time, and have "confirmed

the public impression that said primary was corrupt; . . . that one of the first of said apparently false returns to be found in said recount was one signed and certified to by a deputy prosecutor in the office of the relator"; that the respondent was advised that the relator and his office staff were supporters of one of the candidates; that the facts were such as to "create a strong suspicion of illegal acts as against each and every member of said election board"; that relator, knowing these facts, took no action to sever the connection of the deputy with the prosecutor's office; that there are 34 members of the prosecutor's staff, 12 of whom were candidates in the primary, and that relatives of the members of the relator's staff were candidates; that one of relator's deputies served as a ward chairman, and two as precinct committeemen, and two as clerks on election boards; "that it has become evident from the recount of votes that there was a certain group of candidates who were generally the beneficiaries of false returns"; that there are circumstances which give rise "to a reasonable suspicion and belief" that the irregularities were the result of concerted action in favor of a group of candidates which included the relator and one of his deputies. "Respondent alleges that these facts are such as to cast suspicion on the legality of the conduct of at least some parts of the office of the Prosecutor of Marion County, and that they call for an investigation and that said investigation necessarily, if it be a complete and thorough investigation, will involve an investigation of the acts and conduct on the part of the office force of relator. Respondent admits that it is possible that a complete and thorough investigation would establish that there was no criminal conduct upon the part of any member of relator's office force. . . . Respondent admits that any such violations of law were probably not perpetrated in an official capacity as a member of the staff of the Prosecuting Attorney; . . . respon-

dent denies the allegation of relator that he and his office force are competent, able and willing to fully and faithfully conduct the investigation."

The relator has submitted a brief, citing many opinions of this court supporting the rule that judges and courts have no jurisdiction or power to remove or supersede the regularly appointed prosecuting attorney. The respondent judge has filed no brief, cited no authorities, nor called attention to any principle, or rule of law, or statute, that would authorize his action.

An examination of the decisions hereafter cited discloses that the principles involved are well settled. In the Williams case the difference between the majority and minority seems to have involved a question of fact rather than one of law. The prosecuting attorney is a constitutional judicial officer, elected by the people, and removable only by impeachment. In him is vested discretionary judicial power to investigate and determine who shall be prosecuted and who shall not be prosecuted. If he fails to exercise his official discretion, honestly and impartially, the remedy is by impeachment. Judges and courts may not substitute their discretion for that of the prosecuting attorney. Inquisitorial powers are vested in the office of the prosecutor and in grand juries, and not in judges and courts. The statute authorizes courts to appoint special prosecutors where the regular prosecutor does not attend at the term. In the early cases it was suggested that this power to appoint was inherent in the court, but, in the later cases, this view has been disapproved, and it has been thought that it arises rather by implication from the legislative appointive power expressly conferred. It cannot be doubted that, where it is established that the prosecuting attorney is an interested party, or otherwise clearly incapacitated, the court may appoint an attorney to represent the interests of

the state. But this may not be done upon mere suspicion or rumor, and upon the mere ex parte motion of the judge, and the decisions disclose that in the cases where the appointment of a special prosecutor was upheld, the regular prosecutor had admitted disqualification or incapacity. The reasoning in the opinions would seem to clearly indicate that a special prosecutor may not be appointed to exercise the functions of the office over the objection of the regular prosecuting attorney, without a judicial determination of the fact of disqualification or interest after an opportunity for the regular prosecutor to be heard. It may not be done upon the mere suspicion of the judge that the prosecutor may not adequately and impartially perform his duties. *Dukes* v. *State* (1859), 11 Ind. 557; *Choen* v. *State* (1882), 85 Ind. 209; *Board of Com'rs* v. *McGregor* (1909), 171 Ind. 634, 87 N. E. 1; *State ex rel. Williams* v. *Ellis, Judge* (1916), 184 Ind. 307, 112 N. E. 98; *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209; *Perfect* v. *State* (1926), 197 Ind. 401, 141 N. E. 52; 28 C. J. 764-766; *State* v. *Flavin* (1915), 35 S. D. 530, 153 N. W. 296, Ann. Cas. 1918 A, 713; *State ex rel. Bingham, Atty.-Gen.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N. E. 909; *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401, 748; *State ex rel. Gibson, Judge* v. *Friedley.* (1893), 135 Ind. 119, 34 N. E. 872; *Tull, Treas.* v. *State ex rel. Glessner* (1884), 99 Ind. 238; *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097; *State ex rel. Freed* v. *Circuit Court of Martin County et al.*, ante 153, 14 N. E. (2d) 910; *State ex rel. Egan* v. *Superior Court of Lake County et al.* (1937), 211 Ind. 303, 6 N. E. (2d) 945.

The temporary writ heretofore issued is made permanent.

## ON PETITION FOR REHEARING.

PER CURIAM—The temporary writ issued upon the filing of the petition herein was made returnable on July

14, 1938, at 10 o'clock a. m. The writ was directed to the respondents, Criminal Court of Marion County, Honorable Frank P. Baker, Judge, Harold K. Bachelder, Fae W. Patrick, and all other persons acting for, through, or under the order of the Criminal Court of Marion County. On July 8th, the Honorable Frank P. Baker filed a response on behalf of himself as sole judge of the Marion Criminal Court, and upon behalf of that court. Upon the erroneous assumption that no other responses would be filed, an opinion was filed on July 13th. Thereafter, on July 14th, the respondents Bachelder and Patrick filed a response. Thereafter all of the respondents filed a petition to set aside the decision and opinion, and for a hearing, and a brief in support thereof.

In the response of Bachelder and Patrick it is contended that this court had no jurisdiction to issue a writ of prohibition against the individual respondents, who are neither courts nor judges of courts. Their response otherwise does not differ substantially from the one that was filed. The response of Bachelder and Patrick has been considered in connection with the petition to set aside the decision and opinion, and for a hearing.

It is suggested in the original opinion that Bachelder and Patrick are not necessary parties. The statute (section 3-2201 Burns' Ann. St. 1933, section ██ 1090 Baldwin's Ind. St. 1934) provides for the issuing of writs of prohibition against *courts*. It does not mention judges. Without being named in the writ, or being made parties to the proceeding, all judges or officers of courts, and all persons whomsoever, who have notice of the writ, are bound by writs of prohibition against courts, and are prohibited from acting upon authority of the prohibited court just as effectively as though they had been made parties to the action and the writ. It has been the uniform practice, however, to

make judges and other parties who might be expected to act upon the authority of the court, against whom the action is directed in respect to the subject-matter of the action, parties to the action and respondents in the writ. See *State ex rel.* v. *Superior Court of Marion County et al.* (1924), 195 Ind. 174, 144 N. E. 747, and *State ex rel. Meyer-Kiser Bank* v. *Superior Court of Marion County et al.* (1931), 202 Ind. 589, 177 N. E. 322. It was alleged in the writ that the respondents were threatening to act by virtue of an order of the Marion Criminal Court. If they had not been made parties to the petition or respondents in the temporary writ, they would have been bound by the writ upon notice. In the return they do not deny that they were claiming the right to act and threatening to act. They are proper parties to the proceeding.

The response reiterates the contentions made in the return of the Honorable Frank P. Baker and the court. All of the contentions have been reconsidered, and the petition is denied.