STATE EX REL. NEERIEMER *v.* DAVIESS CIRCUIT COURT, ETC. ET AL.

[No. 29,481.   Filed May 24, 1957.]

*Dean H. Neeriemer, pro se.*

*Philip D. Waller, pro se,* and *Shake & Shake,* of Vincennes, for respondent.

ACHOR, C. J.—This is an original action seeking an alternative writ of mandate directing Philip D. Waller, Judge of the Daviess Circuit Court, respondent, to allow relator's petition for compensation for services performed by relator in the Knox Circuit Court under §9-1314, Burns' 1956 Replacement. These services were performed in the prosecution of a criminal action which originated in the Daviess Circuit Court and was transferred to the Knox Circuit Court on change of venue.

During all of said proceedings, this relator was the qualified and acting prosecuting attorney for the 49th Judicial Circuit in Daviess County, Indiana, from which the case is venued.

Following the change of venue, relator upon his own request "as prosecutor of the Daviess Circuit Court," was appointed "as prosecuting attorney to conduct the prosecution of this cause in the Knox Circuit Court" by the Honorable Ralph A. Seal, Judge of the latter court, and there actively assisted the regular prosecutor of that circuit in the prosecution of said cause.

Thereafter, relator filed his petition in the Daviess Circuit Court before Philip D. Waller, Judge, seeking to have settled and allowed an amount in compensation for his services in the prosecution of said cause. Hearing was held on said petition which was later "disallowed" in toto by the court. It is relator's position that he was entitled to the compensation claimed as a matter of right and therefore that he is entitled to mandatory relief against the court.

There are four controlling sections of the statutes relating to the compensation claimed. Section 9-1314,

*supra,* upon which appellant predicates his claim, provides as follows:

> "Whenever in any criminal prosecution, a change of venue shall have been taken from the county in which such prosecution originated, the trial court shall have authority to appoint counsel on behalf of such original county, to prosecute such action, or to defend any poor person defendant therein. Counsel so appointed shall be entitled to reasonable compensation for services in such cause, but the amount thereof shall be settled and allowed by the judge of the court from which the change of venue was first granted."

However, it is respondent's position that the right of additional compensation claimed by relator is denied by §49-2617, Burns' 1951 Repl. (1955 Supp.) of the general salary statute, which provides as follows:

> "The compensation herein provided for the various prosecuting attorneys and their deputies *shall be in full for all services required by law. . . ."* (Our italics.)

It is that portion of the statute italicized which poses the most significant question in the case, namely, what are the prosecutor's "services required by law," for which the compensation provided shall be in full. The statutory duties of prosecuting attorneys in Indiana are defined by §§49-2501 and 49-2504, Burns' 1951 Repl. (2 R. S. 1852, ch. 3, §§1, 4, p. 385.)

Section 49-2501, *supra,* provides generally that the prosecuting attorney "shall prosecute the pleas of the state in the circuit courts of such circuit."

Section 49-2504, *supra,* provides as follows:

> "Such prosecuting attorneys, *within their respective jurisdictions,* shall conduct all prosecutions for felonies or misdemeanors and all suits on forfeited recognizances; resist applications for changing names, protect the interests of all persons of unsound mind, and superintend, on behalf of the counties or any of the trust funds, all suits in which

the same may be interested or involved, and *shall perform all other duties required by law.*" (Our italics.)

Relator relies primarily upon the words "*in the circuit courts of such circuit,*" as contained in §49-2501, *supra,* and "within their *respective jurisdictions,* shall conduct all prosecutions for felonies or misdemeanors," as contained in §49-2504, *supra,* contending that these provisions require only his attendance upon prosecutions in the courts having jurisdiction of public offenses within his circuit.

Was such construction of the statute intended by the legislature which enacted the law? In deciding this question, we are confronted by the fact that when this statute was passed in 1852, there was no right of change of venue. Rather, Article 1, §13 of the Constitution of Indiana (adopted in 1851 and effective in 1852) expressly provided that, "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, *in the county in which the offense shall have been committed; . . .*" (Our italics.)

Not until 1881 was the right to change of venue in criminal actions granted by the statute.[1] Therefore, the term "in the circuit courts of such circuit" (§49-2501, *supra)* had reference only to the duty of the prosecutor to prosecute the pleas of the state in the courts which had jurisdiction to try such cases, and the term "within their respective jurisdictions" contained in §49-2504, *supra,* had reference only to the right and duty of the prosecuting attorney to prosecute all felonies and misdemeanors committed against the state within the territorial jurisdiction of his circuit. Thus, although the statute makes it clear that the prosecuting attorney of Knox County had exclusive authority to originally file criminal actions in

---

1. §2-1406, Burns' 1946 Repl.

his judicial circuit, it cannot be determined from the statute itself that it is not the duty of the prosecutor of Daviess County, the county of origin, also to follow the case on change of venue and to participate in the prosecution, as his services are required.

The answer to this question lies not in any clear legislative declaration, but in the history and nature of the office itself. The office of prosecuting attorney in this state is a constitutional office,[2] carved out of the office of the attorney general as it existed at common law.[3] Under the common law it was customary for the attorney general to prosecute all cases initiated by him to their ultimate termination. Such was the duty of the prosecuting attorney under §49-2504, *supra*, when passed in 1852. There is nothing in the statute which relieves the prosecutor of that duty, notwithstanding the fact of a change of venue. In fact, such practice is now commonly followed in this state.[4]

The nature of the duties of his office impose an obligation upon the prosecutor to follow the case to its ultimate termination. As prosecuting attorney he is attorney for the people of his judicial circuit, charged with the prosecution of crimes committed against the state in that prescribed area. "Among the fundamental rules of ethics is the principle that an attorney who undertakes to conduct an action impliedly stipulates to carry it to its termination, and he is not at liberty to abandon it without reasonable cause. . . ." 5 Am. Jur., §39, p. 282, Attorneys at Law;

2. Art. 7, §11, Constitution of Indiana.
3. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839; *State ex rel.* v. *Ellis* (1916), 184 Ind. 307, 112 N. E. 98.
4. In the case of *Marshall* v. *State* (1949), 227 Ind. 1, 7, 83 N. E. 2d 763, this court commented: ". . . We also note that the prosecuting attorney of Wayne County and his deputy followed the case to Randolph County and were active in its prosecution. This is common practice. . . . "

*Stark County* v. *Mischel*, 42 N. D. 332, 173 N. W. 817, 6 A. L. R. 174; §255, p. 180, Weeks, Attorneys. Consistent with that duty of an attorney to represent a client to the termination of a case in litigation, it has been held that an attorney may not withdraw from a case in litigation without proof of cause and/or consent of his client and the permission of the court. *Symmes* v. *Major* (1863), 21 Ind. 443.

A significant indicia of this attorney-client relationship is the fact that he is required by law to approve every affidavit filed in the circuit or criminal court signed by individuals charging other persons with crimes.[5] This requirement of law is intended for the protection of the affiant as well as the accused. It is an affirmation on the part of the prosecutor not only that he considers that the facts complained of constitute a crime, but it also implies an assurance on his part that it will be prosecuted with diligence to its ultimate determination. Because of this assurance citizens who consider it their civic responsibility to thus assist in the prosecution of crimes have cause to assume that they will not be subjected to the hazard of suits for malicious prosecution because charges initiated by them are ultimately dismissed or poorly tried by the prosecutor of another county who could not be expected to be as well informed or to bear the same interest regarding the persons affected by the offense. Furthermore, the prosecutor of the second county would not be under the same civic and political responsibility toward the citizens of the original district against whom the crime was committed.

We conclude therefore, that on the basis of common law precedent, existing practice, and the nature of pub-

---

5. §9-909, Burns' 1956 Repl. *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380.

lic service of the office itself, it is the duty of the prosecuting attorney to prosecute all cases initiated by him to their termination and upon change of venue, to follow such cases and actively assist in the prosecution thereof, as the regular prosecuting attorney of the court trying the same shall direct.

The same conclusion was recently reached by the Supreme Court of Oregon, which stated: "We find nothing in the statutes providing for a change of venue that in anywise pertains to the duties of district attorneys; and we find nothing elsewhere that relieves them of this duty (to follow the case to its termination) imposed upon them by law." *State* v. *Anderson* (1956), 207 Or. 675, 298 P. 2d 195, 203.

Furthermore, we note that §9-1314, *supra,* under which relator asserts his claim, is logically susceptible to the construction which the above conclusion imposes. Independent of statute, courts have long exercised discretionary power to appoint attorneys to assist the prosecuting attorney in criminal cases, *Tull, Treasurer* v. *The State, ex rel. Glessner* (1884), 99 Ind. 238, limited only by the amount of the appropriation made for such services by the legislative body of the county. §26-527, Burns' 1948 Repl. *Board, etc.* v. *McGregor* (1909), 171 Ind. 634, 87 N. E. 1. However, these cases are silent as to the financial responsibility for such services on change of venue. Were the attorneys so appointed assisting the prosecuting attorney of the latter county who alone was charged with the responsibility of prosecuting the case, or were they performing a service on behalf of the prosecutor of the county of origin? Section 9-1314, *supra,* which by statute reaffirms the right of the judge of the county receiving and trying the case on change of venue to appoint attorneys to assist in the prosecution of the case, expressly provides that the services of such at-

torneys are "on behalf of such original county" and that compensation for such services shall be determined by the judge of the county of origin and paid by that county. This seems to further affirm the fact of the duty of the county of origin to prosecute the action to its determination, notwithstanding the change of venue.

We conclude therefore that the prosecution of the case in the county to which the venue was changed was a duty "required by law" (§49-2504, *supra*) and, therefore, that statutory compensation paid the prosecutor was in full for such services. §49-2617, Burns' 1951 Repl. (1955 Supp.)

Relator's petition for writ of mandate is therefore denied.

Arterburn, J., not participating.

Bobbitt, Emmert & Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 626.