WILLIAM J. BRUNE, PROSECUTOR FIRST JUDICIAL CIRCUIT *v.* WILLIAM M. MARSHALL.

[No. 1-276A26. Filed July 8, 1976. Rehearing denied August 25, 1976. Transfer denied November 3, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*John F. Davis,* of Evansville, for appellee.

LYBROOK, J.—Plaintiff-appellee Marshall brought this action to recover a $20 fee paid to defendant-appellant Brune as partial payment for admission to the "Alcohol Deferred Prosecution Program", a pre-charging alcohol related rehabilitation procedure established and administered by the Vanderburgh County Prosecutor Brune.

Brune counterclaimed, requesting a definitive judicial opinion of the legality and constitutionality of the "Alcohol Deferred Prosecution Program".

The trial court held the program to be unconstitutional and awarded a judgment of $20 to plaintiff Marshall. From this judgment Brune appeals.

The agreed facts reveal that on July 12, 1975, plaintiff was arrested for operating a motor vehicle while under the influence of alcohol and was issued a uniform traffic ticket. On July 14, 1975, plaintiff was interviewed by a member of the staff of the Prosecuting Attorney of Vanderburgh County and was informed that by paying $50 and by submitting to certain rehabilitative conditions he would be placed on the Alcohol Deferred Prosecution Program and would not be charged with operating a motor vehicle while under the

influence of alcohol. Thereafter he paid $30 toward the total fee of $50 for admission to the program.

Subsequently on August 14, 1975, plaintiff was arrested and charged with public intoxication and due to this arrest was removed from the Alcohol Deferred Prosecution Program on August 17, 1975, and charged with the July 12, 1975 driving under the influence offense.

Later plaintiff requested return of the $20 partial fee payment and was refused. The trial court held for the plaintiff, ordered return of the $20 partial fee, and ruled against defendant on his counterclaim, holding the Alcohol Deferred Prosecution Program to be unconstitutional.

The following issues are presented for review:

(1) Does the prosecuting attorney have the discretion to establish and maintain a pre-charging diversion program?

(2) Does the program violate the Federal or State constitution?

(3) Must the $20 partial fee be returned to appellee?

It is apparent from the record that an immense amount of time and energy has been expended in the establishment and operation of appellant Brune's "Alcohol Deferred Prosecution Program". The social and economic impact of such programs is commendable and the Vanderburgh County Prosecutor's Office, especially Mr. Brune, is to be commended for initiating a program designed to aid in the rehabilitation of alcohol abusers.

While a pre-charging program of criminal diversion may be socially desirable, have excellent results with recidivism, and be conservative of judicial and prosecutorial time, that alone will not permit this court to place its stamp of approval on the program.

## I.

Unquestionably a prosecuting attorney is given a broad scope of discretion in the performance of his duties. This discretion extends to the power to investigate and determine who shall be prosecuted and the crime with which those parties will be charged. *State ex*

*rel. Spencer* v. *Criminal Court, Marion County* (1938), 214 Ind. 551, 15 N.E.2d 1020, (reh. denied), 214 Ind. 551, 16 N.E.2d 888. The appellant tightly aligns his discretionary power with the constitutional creation and nature of his office. Indiana Constitution, Article 7, Section 16; *State ex rel. Neeriemer* v. *Daviess C.C. etc. et al.* (1957), 236 Ind. 624, 142 N.E.2d 626.

While the above concepts may be legally sound, they do not lend limitless powers of discretion to the prosecuting attorneys of this state. The power and authority of prosecuting attorneys are enumerated and controlled by the legislature. *The State ex rel. Hench* v. *Morrison* (1878), 64 Ind. 41.

The source and breadth of prosecutorial power was discussed by this court in *State* v. *Market* (1973), 158 Ind. App. 192, 302 N.E.2d 528:

"While the office of Prosecuting Attorney may have been created by the Constitution of Indiana, the rights and duties of that office are prescribed by statute. * * * [T]he Prosecuting Attorney has only such power as is enumerated within the four corners of the statutory enactment defining his duties, and he has no residual common law rights or powers."

We are unable to find any statutory authority for a precharging deferral program to be initiated and/or operated by a prosecuting attorney as an alternative to prosecution, and we therefore conclude that he was acting beyond the scope of his authority.

## II.

This court is fully cognizant of the potential constitutional problems inherent in the program. Questions may arise under the doctrine of separation of powers, Indiana Constitution, Art. 3, Sec. 1; and possible violations of the accused's Federal due process rights.

Another program exists similar to the one in the case at bar. This *statutorily created* program is authorized in first

class cities. IC 1971, 16-13-6.1 (1-34), (Burns Code Ed., Supp. 1975). However, that program has two very distinct and key differences from the program in the case at bar. First, it is properly created by the legislature; and second, it is administered by the judge of a court of competent jurisdiction.

The prosecutor's program may also be constitutionally attacked on a basis of the violation of the arrested individual's Federal due process rights. This may be especially true in light of the possible coercive nature of the choice presented to the subject. The accused faces a choice of "volunteering" for the program and suffering a limited loss of personal freedom; or in the alternative, pleading not guilty and running the risk of a more severe penalty. This possible loss of effective choice, coupled with the program's required waiving of due process rights, presents serious constitutional questions.

However, due to our holding on the lack of statutory authority for the program, we need not fully address the program's constitutionality.

### III.

The final issue presented for review by this court is the return of the $20 partial fee paid by the appellee for admittance to the program.

The fee was voluntarily paid by the appellee and was in no way induced by fraud or other similar improper conduct on the part of appellant. The voluntary payment was made as a result of mistake of law. Under such circumstances, the fee need not be returned. *City of Evansville* v. *Walker* (1974), 162 Ind. App. 121, 318 N.E.2d 388.

The judgment of the trial court is affirmed as to the prosecutor's lack of statutory authority to initiate and administer this program and reversed as to the repayment of the fee.

Affirmed in part; reversed in part.

Robertson, C.J., concurs; Garrard, J., (by designation) concurs with separate opinion.

GARRARD, J.—As pointed out by the majority, the specific powers of a prosecuting attorney are those accorded by the legislature. The Indiana legislature has not granted the prosecutor of Vanderburgh County express authority to establish and finance through a charge system a program to serve as an alternative to criminal prosecution in alcohol related offenses.

Nor can such a program be justified upon the basis of the discretion afforded a prosecuting attorney in determining whether to prosecute. However broad may be the limits of that discretion, it appears to me that they clearly do not extend to a predetermined position that if certain conditions or qualifications are met, *the state* will be precluded from prosecution. The prosecutor cannot so bind the state. *Cf. State* v. *Bain* (1887), 112 Ind. 335, 14 N.E. 232; *Gray* v. *State* (1886), 107 Ind. 177, 8 N.E. 16. Yet that is the unmistakable promise of the program here reviewed.

Therefore, while I concur with the majority's recognition of the laudable motives of Prosecutor Brune, I also concur in the result they reach.

NOTE.—Reported at 350 N.E.2d 661.