**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Larry WALDON, Appellee (Defendant Below).**

No. 4–384 A 74.

Court of Appeals of Indiana, Fourth District.

Aug. 20, 1985.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

Steven M. Bush, Lawrenceburg, for appellee.

MILLER, Judge.

On December 2, 1982, the defendant-appellee, Larry Waldon, was charged with robbery in an information filed under Cause Number 9572 in the Dearborn Circuit Court. On January 1, 1983, the newly-elected prosecutor for Dearborn County assumed office and, upon perceiving a potential conflict of interest in the prosecution of Waldon's case (Waldon's defense attorney was a former law partner of the new prosecutor), requested the appointment of a special prosecutor on January 17. Carl Taul, prosecuting attorney for Ripley County, was appointed by the trial court as special prosecutor in Cause Number 9572 and consented to his appointment on January 26. Five months later, Taul dismissed the information in 9572 and, the same day, signed another information under Cause Number 9599, which also charged Waldon with robbery, based on the same occurrence as the original information. In November, 1983, the Dearborn County prosecutor again requested appointment of a special prosecutor in Waldon's case, and the trial court appointed Taul special prosecutor in 9599. On the first day of trial, November 18, 1983, Waldon moved for and was granted dismissal of the information filed by Taul on the grounds that Taul's appointment as special prosecutor was limited to Cause Number 9572 and that when that information was dismissed, Taul's authority as special prosecutor was terminated, leaving him no jurisdiction to sign and file the information in Cause Number 9599. The state now brings this appeal pursuant to Indiana Code section 35–38–4–2(1) (Supp.1983), alleging the trial court erred in granting Waldon's motion to dismiss. We agree and reverse.

 The state contends the trial court erred in dismissing the information signed by Taul and filed under Cause Number 9599 because the statute under which Taul was appointed special prosecutor, see IND. CODE § 33–14–1–6 (1982),[1] and the court

---

1. In relevant part, this statute provides:
 "(a) Special prosecutors may be appointed only in accordance with this section.

(b) A circuit or superior court judge:
 . . . .
 (3) may appoint a special prosecutor if:

order appointing Taul special prosecutor were broad enough to grant Taul the authority to dismiss the information under Cause Number 9572 and refile charges under a new cause number. While we are

> (A) the prosecuting attorney files a petition requesting the court to appoint a special prosecutor; and
> (B) the court finds that the appointment is necessary to avoid the appearance of impropriety,
> (c) Each person appointed to serve as a special prosecutor:
> (1) must consent to the appointment; and
> (2) must be:
> (A) the prosecuting attorney; or
> (B) a deputy prosecuting attorney in a county other than the county in which he is to serve as special prosecutor.
> (d) A person appointed to serve as *a special prosecutor has the same powers as the prosecuting attorney of the county.* However, the scope of the special prosecutor's *duties shall be limited* by the appointing judge *to include only the investigation or prosecution of a particular case or particular grand jury investigation.*

IC 33–14–1–6 (1982) (emphasis added).

**2.** Waldon would place a narrow construction on the phrase "particular case" as used in Indiana Code section 33–14–1–6(d). By arguing that Taul's authority as special prosecutor terminated when he dismissed the information filed under Cause Number 9572, Waldon has equated "particular case" with the concept of a *pending case,* conditioning the special prosecutor's authority on the existence and pendency of a charging instrument.

We believe this construction of subsection 6(d) is unreasonably narrow. The manifest purpose of the special prosecutor statute is to provide for the appointment of a special prosecutor in situations where: (1) a person outside the prosecutor's office requests the appointment of a special prosecutor and the regular prosecutor agrees such appointment is necessary (section 6(b)(1)); (2) any person requests the appointment of a special prosecutor and the court finds by clear and convincing evidence that the regular prosecutor has an actual conflict of interest or that there is probable cause to believe the regular prosecutor has committed a crime (section 6(b)(2)); and (3) the regular prosecutor requests the appointment of a special prosecutor and the court finds such appointment necessary to avoid the appearance of impropriety (section 6(b)(3)). In general, then, the statute provides for the appointment of a special prosecutor where the court determines such appointment is necessary because of an actual or potential conflict of interest in the regular prosecutor. *See King v. State* (1979), 397 N.E.2d 1260, 1275 (Miller, J. dissenting):

more inclined to agree with the broad interpretation of Indiana Code section 33–14–1–6 argued for by the state than with the narrow interpretation argued for by Waldon,[2] we are unable to accept the state's

> "Our statute, IND.CODE (1971), 33–14–1–5 [repealed 1982; present law at IC 33–14–1–6 (1982)], and case law authorize the appointment of a special prosecutor in a particular case of [sic, should be "or"] a special class of cases where the regular prosecutor has a conflict.... However, our law does not contemplate the existence of two public prosecutors within the same jurisdiction exercising the same or similar functions...."

Thus, we would take a broader view than Waldon of the "particular case" to which the special prosecutor's duties are to be limited under subsection 6(d). We believe the special prosecutor's authority is more closely tied to the concept of a *pending matter* with reference to which the regular prosecutor's conflict exists. Because such a conflict clearly could arise during the investigation phase of a criminal matter, before any charging instrument has been filed, we believe that "particular case" as used in subsection 6(d) refers to the facts and circumstances forming the basis of the investigation and/or prosecution that give rise to the regular prosecutor's actual or potential conflict of interest, requiring the appointment of a special prosecutor. This construction of the phrase "particular case" both avoids the problems inherent in Waldon's narrow construction (where the regular prosecutor's conflict becomes apparent before a charging instrument is filed) and prevents the existence of two public prosecutors exercising the same or similar functions by allowing the special prosecutor to act freely only in matters where the regular prosecutor's conflict of interest exists and leaving the regular prosecutor's authority intact in all other matters.

We also note the distinction made between the powers and the duties of a special prosecutor in subsection 6(d) of the special prosecutor statute, IC 33–14–1–6 (1982). Under subsection 6(d), a special prosecuting attorney has the same *powers* as the regular prosecuting attorney whom he replaces; the special prosecutor's *duties,* however, are to be limited by the appointing judge "to include only the investigation or prosecution of a particular case or particular grand jury investigation." *Id.* § 6(d). Regarding the *duties* of regular prosecutors, Indiana Code section 33–14–1–4 states: "Such prosecuting attorneys, within their respective jurisdictions, shall conduct all prosecutions for felonies, misdemeanors, or infractions ... and shall perform all other duties required by law." The *powers* of a regular prosecutor include the power to dismiss an indictment or information, *see* IC 35–34–1–13, and the power to commence a

contention because the court order appointing Taul special prosecutor in Cause Number 9572 does not appear in the record. Therefore, we are unable to determine the breadth of the authority the trial court purported to grant to Taul or whether the appointment included or precluded the authority to dismiss the existing information and refile a new one.

■ We agree, however, with the state's alternative argument that Taul was acting as a de facto public official when he filed the information under Cause Number 9599, and thus, his action may not be challenged collaterally by a motion to dismiss. *See Bagnell v. State* (1980), Ind.App., 413 N.E.2d 1072; *King v. State* (1979), Ind. App., 397 N.E.2d 1260; *cf. Hasselbring v. State* (1982), Ind.App., 441 N.E.2d 514 (de facto jury commissioner). While Waldon correctly states that all prosecutions must be brought by the prosecuting attorney by indictment or information, IC 35–34–1–1, he incorrectly argues that when Taul signed and filed the information under Cause Number 9599, he "had no more authority or jurisdiction to commence such an action than did an ordinary citizen." Appellee's Brief at 13. Waldon does not allege any defect in Taul's appointment as special

prosecutor for Cause Number 9572. Black's Law Dictionary (4th ed. 1968) at page 1235 defines "officer de facto" as "one who is in the actual possession and administration of the office, under some colorable or apparent authority, although his title to the same, whether by election or appointment, is in reality invalid or at least formally questioned." We cannot say that Taul's act of dismissing the information under the original cause number and, on the same day, refiling a new information charging the same offense based on the same facts—albeit under a new cause number—was so clearly beyond his authority (if indeed it was beyond his authority at all, *see* note 2, *supra* ) that Taul was not acting under some colorable or apparent authority.

Therefore, we believe that Taul, at a minimum, was acting as a de facto prosecutor when he filed the information under Cause Number 9599. It is well established that the acts of a de facto public official may not be collaterally attacked. *King v. State*, 397 N.E.2d at 1268 (citing, *e.g., Parker v. State ex rel. Powell* (1892), 133 Ind. 178, 32 N.E. 836). More particularly, "an indictment signed by a de facto special prosecutor is not subject to *collateral* attack by a motion to dismiss." *Bagnell v.*

prosecution by filing an indictment or information, *see* IC 35–34–1–1. In addition, this court has stated: "Unquestionably a prosecuting attorney is given a broad scope of discretion in the performance of his duties. This discretion extends to the power to investigate and determine who shall be prosecuted and the crime with which those parties will be charged. [Citations omitted.]" *Brune v. Marshall* (1976), 169 Ind. App. 637, 639–40, 350 N.E.2d 661, 662.

It follows that the *powers* of the special prosecutor, which are not specially limited by subsection 6(d) of the special prosecutor statute, include the power to investigate to determine who shall be prosecuted and for what crimes, the power to dismiss an information, and the power to commence a prosecution by filing an information, so long as such powers are exercised in the performance of the special prosecutor's *duties,* which are specially limited by subsection 6(d), to investigate or prosecute a "particular case."

Finally, we are aware that the courts of criminal jurisdiction in this state have the "inherent

power and duty to appoint attorneys to assist the prosecutor in the trial of criminal cases." *State ex rel. Goldsmith v. Superior Court* (1979), 270 Ind. 487, 492, 386 N.E.2d 942, 946. We have no doubt that a criminal court's inherent power to appoint an attorney "to assist" the regular prosecutor has long included the inherent power to appoint a special prosecutor *to replace* a regular prosecutor in a case where the regular prosecutor has an interest. *See Williams v. State* (1919), 188 Ind. 283, 123 N.E. 209; *State ex rel. Spencer v. Criminal Court* (1938), 214 Ind. 551, 15 N.E.2d 1020; *State ex rel. Purcell v. Circuit Court* (1950), 228 Ind. 410, 92 N.E.2d 843; *State ex rel. Goldsmith v. Superior Court, supra.* In light of such inherent power in our criminal courts, we believe the special prosecutor statute, IC 33–14–1–6, should be construed in a manner that will bring about, in a case such as this, the effective disqualification of a regular prosecutor *throughout all proceedings* in the matter in which he is interested. This, we believe, is the manifest intent of the special prosecutor statute.

*State,* 413 N.E.2d at 1074 (quoting *King v. State,* 397 N.E.2d at 1268) (original emphasis); see 42 C.J.S. *Indictments & Informations* § 57 at 912 (1944); 27 C.J.S. *District & Prosecuting Attorneys* § 30(3) at 732 (1959).

Waldon attempts to distinguish *King* and *Bagnell* by arguing that those cases concern "the issue of the powers of the special prosecutor" while the present case involves "a strictly jurisdictional issue." Appellee's Brief at 13. We fail to see the distinction. The trial court granted Waldon's motion to dismiss on the ground that "the information filed in this cause [number 9599] ... was defective in that the Special Prosecutor, Carl H. Taul, was without authority or jurisdiction to commence such an action on behalf of the State of Indiana." (R. 35) Clearly, therefore, the "jurisdiction issue" in the present case did not involve the jurisdiction of the trial court, but rather that of the special prosecutor. In addition, the court in *Bagnell* explicitly stated that, among the issues raised by the defendant, was a challenge to "the jurisdiction of the special prosecutor." 413 N.E.2d at 1074. Thus, the "jurisdictional issue" in both *Bagnell v. State, supra,* and the present case involved the jurisdiction (in the sense of "authority, capacity, power or right to act," BLACK'S LAW DICTIONARY at 991 (4th ed. 1968)) of the special prosecutor, an issue decided adversely to Waldon in both *Bagnell v. State, supra,* and *King v. State, supra.*

We conclude that the information in Cause Number 9599 filed by Taul, acting as de facto special prosecutor, was not subject to attack by Waldon's motion to dismiss. It was therefore error for the trial court to grant the motion.

Reversed and remanded for further proceedings.

YOUNG, P.J., and CONOVER, J., concur.