# FOR PUBLICATION



**FILED**
Jun 22 2012, 9:07 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Weineke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: PROSECUTOR'S SUBPOENA REGARDING S.H. and S.C., | ) | |
| | ) | |
| S.H., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1109-CR-468 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee, | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1105-MC-63

**June 22, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

S.H. and S.C. (collectively, "Parents") appeal a trial court order granting the State's petition to compel their testimony by providing use immunity. Parents argue a prosecutor may not grant use immunity when there is no grand jury proceeding and the persons whose testimony is sought have not been charged with a crime.

We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

On September 27, 2010, S.C. gave birth at her home. When the child's father, S.H., returned home, he found S.C. bleeding and took her and the infant to a hospital. The medical staff noted the baby showed signs of injury in the form of multiple puncture wounds. Police officers spoke with Parents and others, who offered differing accounts of the circumstances of the birth and the cause of the wounds. The police then searched Parents' apartment.

The prosecutor petitioned for subpoenas compelling Parents' testimony about the circumstances surrounding the birth, and they were issued. The parents asked the trial court to quash the subpoenas on the ground they violated Parents' constitutional privileges against self-incrimination.

The trial court granted the motions to quash and then the State asked the court to grant use immunity and compel Parents to testify. The parents objected on the same ground, but the trial court granted use immunity[2] and ordered Parents to testify. At this point, although

---

[1] We heard oral argument May 7, 2012, at Loogootee High School. We thank the school for its hospitality and commend counsel on the quality of their advocacy.

[2] The Fifth Amendment provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. 5. A grant of use immunity permits a prosecutor to compel a person to testify despite his Fifth Amendment privilege against self-incrimination, but testimony so compelled

2

Parents had not been formally charged with any crime, the trial court appointed public defenders to represent them[3] and directed the parties to agree to a date on which Parents would testify. The parents moved to correct error and the trial court denied the motion.

## DISCUSSION AND DECISION

The parents contend a prosecutor cannot circumvent the privilege against self-incrimination during a pre-charge investigation by granting use immunity. They argue the prosecutor has authority to compel testimony via use immunity in only two circumstances: (1) when there is a grand jury investigation; or (2) after charges have been filed. Because the prosecutor can compel testimony in grand jury proceedings by granting use immunity, the State argues the prosecutor has the same authority when conducting a pre-charge investigation without a grand jury. As a prosecutor's ability to investigate and accumulate evidence is coextensive with that of a grand jury, we agree with the State.

The trial court phrased the issue before it as "[w]hether a prosecutor investigating a crime precharge and without a grand jury has the same authority to grant use immunity as a prosecutor using a grand jury?"[4] (App. at 43.) It answered in the affirmative, relying on our

---

may not be used against the witness in any respect. *State v. Peters*, 637 N.E.2d 145, 148 (Ind. Ct. App. 1994).

[3] The trial court said it was appointing counsel, in part, because concerns had been raised about the mental competency of S.H. and S.C. Competency is not an issue in this appeal.

[4] The State suggests we review the trial court's decision for abuse of discretion: "Rulings on motions to quash subpoenae are reviewed for an abuse of discretion." (Br. of Appellee at 9.) But we are not reviewing any such ruling. The parents' motion to quash was *granted*, so it is not an issue on appeal. Instead, the issue on appeal is the trial court's ruling on the State's petition for grant of use immunity, which appears to be a pure question of law. *See Bellows v. Bd. of Com'rs of County of Elkhart*, 926 N.E.2d 96, 114 (Ind. Ct. App. 2010) (where the facts are undisputed and the issue presented is a pure question of law, we review the matter *de novo*).

Indiana Supreme Court's statement in *In re Order for Ind. Bell Tel. to Disclose Records*, 274

Ind. 131, 134-35, 409 N.E.2d 1089, 1091 (1980):

> In 1973, prosecuting attorneys were given the power to initiate criminal prosecutions by filing an information. It should be noted this same general power was given under prior law but the instrument was called an affidavit filed by the prosecutor, rather than an information. Under the statute the prosecutor has the authority to charge an individual with the commission of a crime without first submitting the evidence to a grand jury. Along with this power to charge a person with the commission of a crime, we hold that *the investigatory powers of the prosecutor now parallel those of the grand jury. A prosecutor has the same ability to accumulate evidence as the grand jury*.

(Citation omitted) (emphasis added).

The parents correctly note the language of the statute governing use immunity, Ind.

Code § 35-34-2-8, addresses such immunity only when there is a grand jury:

> (a) Upon request by the prosecuting attorney, the court shall grant use immunity to a witness *before the grand jury*. The court shall instruct the witness by written order or in open court that any evidence the witness gives *before the grand jury*, or evidence derived from that evidence, may not be used in any criminal prosecution against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the grand jury or the prosecutor. The court shall then instruct the witness that he must answer the questions asked and produce the items requested.

(Emphasis added.) The trial court acknowledged that portion of the statute, but determined

> the authority of the prosecutor to offer use immunity does not depend upon the existence of a grand jury or legislative action, but such authority is implicit in the office of the prosecutor itself. Even if use immunity authority is derived solely from legislative consent, the Indiana Supreme Court has already addressed that issue [in *Indiana Bell*].

(App. at 45.)

4

We decline to adopt the trial court's position that a prosecutor's authority to offer use immunity is "implicit in the office of the prosecutor itself." (*Id*.) We stated otherwise in *Brune v. Marshall*, 169 Ind. App. 637, 640, 350 N.E.2d 661, 663 (1976):

> While the office of Prosecuting Attorney may have been created by the Constitution of Indiana, the rights and duties of that office are prescribed by statute. . . . (T)he Prosecuting Attorney has only such power as is enumerated within the four corners of the statutory enactment defining his duties, and he has no residual common law rights or powers.

In *Brune*, we were unable to find statutory authority for a pre-charging deferral program to be initiated and/or operated by a prosecuting attorney as an alternative to prosecution, and we therefore concluded the prosecutor was acting beyond the scope of his authority when he established such a program and charged Brune a fee for participating in it. *Id*. at 641, 350 N.E.2d at 663.

Only two Indiana Code chapters appear to address a prosecutor's authority to offer use immunity. Ind. Code §§ 35-37-3-1 through 3 provide for a grant of use immunity on a prosecutor's request, if a witness, in any hearing or trial occurring *after an indictment or information has been filed*, refuses to answer any question or produce any item.[5] Those

---

[5] The text of those sections is as follows:
Ind. Code § 35-37-3-1:
> (a) If a witness, in any hearing or trial occurring after an indictment or information has been filed, refuses to answer any question or produce any item, the court shall remove the jury, if one is present, and immediately conduct a hearing on the witness's refusal. After such a hearing, the court shall decide whether the witness is required to answer the question or produce the item.
> (b) If the prosecuting attorney has reason to believe that a witness will refuse to answer a question or produce an item during any criminal trial, the prosecuting attorney may submit the question or request to the trial court. The court shall hold a hearing to determine if the witness may refuse to answer the question or produce the item.
Ind. Code § 35-37-3-2:
> If the court determines that the witness, based upon his privilege against self-incrimination,

5

sections do not authorize use immunity in the case before us, as there are no witnesses testifying at a trial or hearing occurring after an indictment or information was filed.[6] The second statutory provision that addresses use immunity is Ind. Code § 35-34-2-8 which, as noted above, appears explicitly limited to grand jury proceedings.

The State relies on *Indiana Bell* to support the premise that because "the investigatory powers of the prosecutor now parallel those of the grand jury" and a prosecutor "has the same ability to accumulate evidence as the grand jury," 274 Ind. at 135, 409 N.E.2d at 1091, the prosecutor must necessarily have the same authority to offer use immunity as is available in grand jury proceedings. Interpreting the statutes as Parents suggest, the State argues,

---

may properly refuse to answer a question or produce an item, the prosecuting attorney may make a written request that the court grant use immunity to the witness, in accordance with section 3 of this chapter.

Ind. Code § 35-37-3-3:

(a) Upon request of the prosecuting attorney, the court shall grant use immunity to a witness. The court shall instruct the witness, by written order or in open court, that any evidence the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the prosecuting attorney. The court shall instruct the witness that he must answer the questions asked and produce the items requested.

(b) A grant of use immunity does not prohibit the use of evidence the witness has given in a prosecution for perjury under IC 35-44-2-1.

(c) If a witness refuses to give the evidence after he has been granted use immunity, the court may find him in contempt.

[6] The State does not argue any statute explicitly authorizes a prosecutor to offer use immunity in a situation like that before us, but notes our courts have "routinely allowed grants of use immunity to be extended to testimony in other settings." (Br. of Appellee at 10.) It cites a number of decisions, but all of them involve situations where, unlike in the case before us, charges had already been brought. *See Lucas v. State*, 499 N.E.2d 1090, 1095 (Ind. 1986) (trial court granted use immunity for pre-trial deposition); *In re Gardner*, 713 N.E.2d 346, 347 (Ind. Ct. App. 1999) (State attempted to depose Gardner about charges against a fellow inmate, and Gardner refused to testify at the deposition even though he was given use immunity); *Jackson v. State*, 644 N.E.2d 607, 608 (Ind. Ct. App. 1994) (Jackson was granted use immunity but refused to testify during deposition during codefendant's trial), *trans. denied*; and *Chanley v. State*, 550 N.E.2d 764, 767 (Ind. Ct. App. 1990) (State's first petition for use immunity at deposition of Chanley as a witness on behalf of a charged defendant was not premature when Chanley would likely assert the Fifth Amendment right against self-incrimination when faced with similar questions asked by the prosecutor at trial).

6

would lead to the absurd result that prosecutors would have fewer investigative tools before deciding whether to bring charges than they have after charges are filed.

The parents argue the trial court applied *Indiana Bell* too broadly, because of the inherent differences between the grand jury system and the charging information process, and because of the type of information sought in that case. *Indiana Bell* involved a subpoena *duces tecum*, which compels production of documents or other materials in a person's possession and does not implicate one's privilege against self-incrimination, whereas this case involves a subpoena *ad testificandum*, which compels a person to appear as a witness and testify. Such a subpoena does implicate that privilege, especially where, as here, the subpoena is served on the person who is the subject of a criminal investigation.

The *Indiana Bell* subpoena was issued on a third party who was neither a suspect nor a witness. It therefore did not raise any concerns about self-incrimination. The parents argue *Indiana Bell* should be "considered in the context of the case in which it was decided," (Br. of the Appellants at 15), so its holding should be restated as "prosecutors share the same investigatory powers as grand juries do when it comes to serving subpoenas *duces tecum* on persons who were neither suspects nor witnesses to the crime." (*Id*. at 15-16.)

The parents note a grand jury "remains under the supervision of the court which convenes it," *State ex rel. Pollard v. Criminal Court of Marion County, Div. One*, 263 Ind. 236, 247, 329 N.E.2d 573, 582 (1975), and its proceedings are governed by a detailed set of statutes, *see* Ind. Code ch. 35-34-2. *See Oman v. State*, 737 N.E.2d 1131, 1138 (Ind. 2000) ("indirect judicial oversight is an inherent part of all grand jury proceedings, which by their

7

nature are secretive: this arrangement militates against the possible prejudicial impact of testimonial or physical evidence improperly gathered by a prosecutor during his or her pre-charge investigation"), *reh'g denied, cert. denied* 534 U.S. 814 (2001). When there is no grand jury, by contrast, the court does not exercise the same oversight until the prosecutor has decided to file charges.

While Parents' argument is persuasive, we cannot reconcile the result they advocate with our Indiana Supreme Court's statement that a prosecutor has the same ability to accumulate evidence as does a grand jury. We must agree with the State that the legislature's explicit reference to grand jury proceedings in Ind. Code § 35-34-2-8 cannot be read to restrict the right of a prosecutor to seek use immunity when prosecution is initiated by means of an information rather than an indictment. Nor could the legislature have intended that prosecutors have fewer investigative tools before deciding to bring charges than they do after charges are brought. We accordingly affirm the trial court.

Affirmed.

BAKER, J., and BROWN, J., concur.