Bryan PIERCE, Appellant–Petitioner,

v.

Walter MARTIN, Appellee–Respondent.

No. 52A02–0708–CV–733.

Court of Appeals of Indiana.

March 5, 2008.

Bryan Pierce, Bunker Hill, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Bryan Pierce appeals the denial of his petition for writ of habeas corpus filed against Walter Martin, Superintendent of the Miami Correctional Facility ("Superintendent"). Pierce raises four issues, which we consolidate and restate as whether the post-conviction court's summary disposition of Pierce's petition for writ of habeas corpus is clearly erroneous. We reverse and remand.

The relevant facts follow. Pierce was sentenced in Marion County to a term of twenty years for burglary. Pierce was released on parole on April 6, 2006. While on parole, Pierce was arrested on August 7, 2006, and the State charged him with auto theft as a class D felony,[1] resisting law enforcement as a class D felony,[2] resisting law enforcement as a class A misdemeanor,[3] and driving while suspended as a class A misdemeanor.[4] On February 26, 2007, the charges against Pierce were dismissed.

On April 12, 2007, Pierce appeared before the Indiana Parole Board ("Parole Board"). After a hearing, the Parole Board revoked Pierce's parole. Pierce then filed a petition for writ of habeas corpus and later filed an amended petition for writ of habeas corpus. The amended petition for writ of habeas corpus alleged that: (1) the Parole Board violated an agreement to release Pierce back to parole if the charges were dismissed; (2) the breach of the agreement deprived Pierce of due process to prepare a defense at the parole violation hearing; (3) the evidence relied upon at the parole violation hearing, specifically the probable cause affidavit and Officer Eric Strange's testimony, was insufficient to find that Pierce violated his parole because the affidavit was defective under Ind. Trial Rule 11(C); and (4) Pierce was denied due process when the

---

1. Ind.Code § 35–43–4–2.5 (2004).

2. Ind.Code § 35–44–3–3 (Supp.2006).

3. *Id.*

4. Ind.Code § 9–24–19–2 (2004).

Parole Board failed to provide Pierce with a written statement of its actions and the evidence relied upon. The court treated Pierce's petition for writ of habeas corpus as a petition for post-conviction relief.

The Superintendent filed a motion for summary disposition, which the post-conviction court granted as follows:

\* \* \* \* \*

8. The evidence, which consisted of the probable cause affidavit signed by the investigating officer, is sufficient to sustain the burden of persuasion.

9. Probation and parole are virtually identical and for the most part the law applicable to one is applicable to the other. See the discussion of *Morrissey v. Brewer*, 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972), which concerned parole, and *Gagnon v. Scarpelli*, 411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 656] (1973), which addressed probation revocation, in *Reyes v. State*, [868 N.E.2d 438 (Ind.2007), *reh'g denied*].

\* \* \* \* \*

12. "It is fundamental law on pleading that the filing of an amended complaint takes the original complaint out of the record."

13. But even if the issues in the original petition but not in the amended petition were before the Court, relief would have to be denied.

\* \* \* \* \*

15. There need only be probable cause to believe that criminal acts were committed to sustain a parole revocation.

16. A conviction of a crime is not needed to revocation [sic] probation.

17. "Substantially trustworthy" hearsay is both admissible and sufficient in probation revocation proceedings. It is also sufficient and admissible in parole revocation proceedings.

\* \* \* \* \*

20. Therefore, Pierce is not entitled to his release from custody and the petition must be denied.

It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the petition herein should be and is hereby DENIED and that the cause of action herein should be and is hereby summarily disposed in favor of the [Superintendent] and against [Pierce] and that [Pierce] shall have and take nothing by way of his petition.

Appellant's Appendix at 50–52 (internal citations omitted).

■ The issue on appeal is whether the trial court's summary disposition of Pierce's petition for writ of habeas corpus is clearly erroneous. We begin by noting that the court treated Pierce's petition for writ of habeas corpus as a petition for post-conviction relief and decided the matter on summary disposition. *See* Ind. Post–Conviction Rule 1(4)(g) (discussing summary disposition of petitions for post-conviction relief). On appeal, Pierce argues that he was entitled to relief regardless of whether his petition is considered a petition for writ of habeas corpus or a petition for post-conviction relief. The Superintendent contends that the trial court properly considered the petition as a petition for post-conviction relief. Because neither party claims that the trial court erred by treating Pierce's petition for writ of habeas corpus as a petition for post-conviction relief, we will address the merits of the case. *See, e.g., Mills v. State*, 840 N.E.2d 354, 357–358 (Ind.Ct.App.2006) (addressing the merits of the case where the defendant filed a petition for writ of

habeas corpus but the trial court treated the petition as a petition for post-conviction relief).

■ The post-conviction court decided Pierce's petition by summary disposition. Ind. Post–Conviction Rule 1(4)(g) provides:

The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

"[W]hen a court disposes of a petition under subsection g, we review the lower court's decision as we would a motion for summary judgment." *Allen v. State*, 791 N.E.2d 748, 753 (Ind.Ct.App.2003), *trans. denied.* We face the same issues that were before the post-conviction court and follow the same process. *Id.* A grant of summary disposition is erroneous unless "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* We must resolve all doubts about facts, and the inferences to be drawn from the facts, in the nonmovant's favor. *Id.* The appellant has the burden of persuading us that the post-conviction court erred. *Id.*

Pierce argues that: (1) his parole revocation could not have been based upon Detective Nix's probable cause affidavit because the affidavit is not listed in the evidence relied upon by the Parole Board; (2) the probable cause affidavit was defective under Ind. Trial Rule 11(C) because Detective Nix did not have personal knowledge of the affidavit's contents; (3) the

evidence was insufficient to revoke Pierce's parole; and (4) the Superintendent waived any response to Pierce's Ind. Trial Rule 11(C) argument.

We begin by addressing Pierce's argument that his parole revocation could not have been based upon Detective Nix's probable cause affidavit because the affidavit was not listed in the evidence relied upon by the Parole Board. The United States Supreme Court has held that before the conditional liberty of an individual released on parole or probation can be terminated for violating a condition of release, he is entitled to, among other things, a written statement by the fact-finders of the evidence relied upon and the reasons for revoking parole. *Harris v. State*, 836 N.E.2d 267, 280 (Ind.Ct.App.2005), *trans. denied; see also Deurloo v. State*, 690 N.E.2d 1210, 1212 (Ind.Ct.App.1998) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–1760, 36 L.Ed.2d 656 (1973) (applying due process requirements to probation revocation proceedings); *Morrissey v. Brewer*, 408 U.S. 471, 482, 489, 92 S.Ct. 2593, 2600–01, 2604, 33 L.Ed.2d 484 (1972) (applying due process requirements to parole revocation proceedings)).

The Parole Board's order listed Pierce's alleged violations as a violation of "Rule # 7: Criminal Conduct" and listed the violations as auto theft as a class D felony, resisting law enforcement as a class D felony, resisting law enforcement as a class A misdemeanor, and driving while suspended as a class A misdemeanor. The order provided that the following evidence was relied upon: "Parole Release Agreement; PV Report; Initial Hearing; Preliminary Hearing Waiver; Preliminary Hearing Minutes; New Conviction; Alcohol Test Results; Drug Test Results;

Plea; Other _____." [5] Appellant's Appendix at 33. Pierce contends that none of the "evidence" listed in the Parole Board's order establishes that he violated his parole, and the Superintendent does not dispute this assertion. Rather, the Superintendent contends that "it is clear from the violations found by the Parole Board and the arrest date that the Parole Board was in fact relying on the probable cause affidavit." Appellee's Brief at 5. Pierce correctly points out that the order does not list Detective Nix's probable cause affidavit as evidence relied upon.[6]

The Superintendent may be correct that the Parole Board was, in fact, relying upon the probable cause affidavit. However, the Indiana Supreme Court rejected a similar argument in *Medicus v. State,* 664 N.E.2d 1163, 1164 (Ind.1996).[7] There, the State claimed that the reason for the probation revocation was "obvious from the record at trial." 664 N.E.2d at 1164. The court found the State's arguments "as unavailing as they are speculative." *Id.* "Due process requires that the reasons for revoking probation be clearly and plainly stated by the sentencing judge not merely to give appellant notice of the revocation, but also to facilitate meaningful appellate review." *Id.* The court in *Medicus* remanded to the trial court for a new probation revocation statement. *Id.* at 1165.

Similarly, here, the Parole Board's written statement is too cursory to facilitate meaningful appellate review. In fact, the

Parole Board's written findings of fact do not even contain a finding that Pierce violated his parole. The written findings of fact provide:

> Pierce was mandatorily paroled on or about 4/6/06, a P.V. Warrant was served on 8/23/06, the initial hearing had been held on 8/10/06, he was returned to the DOC on 10/31/06 but he was not yet available for purposes of a parole revocation hearing due to the lack of a final court determination on his still pending criminal charges in Marion County, the parole revocation hearing scheduled for 11/14/06 was continued for court disposition, he went out on court order to Marion County on 2/22/07, his pending criminal charges were dismissed on 2/26/07, and he became available on 2/26/07.
>
> Regarding Rule # 7: Pierce was arrested on 8/7/06 and charged in Marion County, under Cause # 49F18–0608–FD–146034, with Criminal Conduct to Wit: Count I, Auto Theft, Class D; Count II, Resisting Law Enforcement, Class D; Count III, Resisting Law Enforcement, Class A Misdemeanor; and Count IV, Driving While Suspended, Class A Misdemeanor.
>
> All of the above occurred while the offender was a parolee.

Appellant's Appendix at 33.

■ In the probation context, we have held that "[w]hen a probationer is accused of committing a criminal offense, an arrest

---

**5.** Pierce contended that there was no preliminary hearing, new conviction, alcohol test results, drug test results, or plea in his case and that the remaining "evidence" was insufficient.

**6.** Some portions of the record provided to us seem to indicate that the Parole Board also relied upon the testimony of Officer Eric Strange. On appeal, Pierce seems to contend that the Parole Board relied only upon the probable cause affidavit. Because Pierce's

petition was decided upon summary disposition, we do not have a transcript of the parole violation hearing, and it is unclear whether Officer Strange testified at the hearing.

**7.** The Indiana Supreme Court has noted that "[f]or purposes of due process analysis, the United States Supreme Court has equated probation revocation proceedings with parole proceedings." *Greer v. State,* 685 N.E.2d 700, 704 (Ind.1997).

alone does not warrant the revocation of probation." *Johnson v. State,* 692 N.E.2d 485, 487 (Ind.Ct.App.1998). "However, if the trial judge, after a hearing, finds the arrest was reasonable and there is probable cause to believe the defendant had violated a criminal law, revocation will be sustained." *Id.* Thus, Pierce's parole revocation could not be based upon his arrest alone. The Parole Board had to find that the arrest was reasonable and find probable cause to believe that Pierce violated a criminal law. The Parole Board's written findings mention only Pierce's arrest, and there are no written findings to indicate that the arrest was reasonable or that probable cause existed to believe Pierce violated a criminal law.

Again, in the probation context, we have held that "a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this [due process] requirement." *Wilson v. State,* 708 N.E.2d 32, 33 (Ind.Ct.App.1999). Thus, the Parole Board's oral statements, if any, may be sufficient to sustain the requirement, but because this matter was decided on summary disposition, the record does not contain this information.

The pleadings here do not show that the Superintendent is entitled to judgment as a matter of law. Even though Pierce may have only a remote chance of establishing his claim, we conclude that his petition should not have been disposed of by way of summary disposition. Consequently, we reverse the post-conviction court's grant of summary disposition and remand for further proceedings. *See, e.g., Truitt v. State,* 853 N.E.2d 504, 508 (Ind.Ct.App.2006) (holding that the post-conviction court erred by summarily denying the petitioner's petition for post-conviction relief).

For the foregoing reasons, we reverse the post-conviction court's grant of summary disposition and remand for further proceedings.

Reversed and remanded.

BARNES, J., and VAIDIK, J., concur.